UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| John Rudolph, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Elite Auto Shipping, | |
| Defendant. | |

For this Complaint, the Plaintiff, John Rudolph, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA") and 47 C.F.R. § 64.1200(c)(2).

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, John Rudolph ("Plaintiff"), is an adult individual residing in Dawson Springs, Kentuky, and is a "person" as defined by 47 U.S.C. § 153(39).

4. The Defendant, Elite Auto Shipping ("Defendant"), is a New York business entity with an address of 143 Titus Avenue, Staten Island, New York 10306, and is a "person" as defined by 47 U.S.C. § 153(39).

## THE NATIONAL DO-NOT-CALL REGISTRY

5. The National Do-Not-Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

6. A listing on the Do-Not-Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

7. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Do-Not-Call Registry and provides a private right of action against any entity that initiated more than one such telephone solicitation within any 12-month period. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

8. Telephone solicitations under 47 C.F.R. § 64.1200(c)(2) include text messages. *See Gulden v. Liberty Home Guard LLC*, 2021 WL 689912, at *4–5 (D. Ariz. Feb. 23, 2021).

## FACTUAL ALLEGATIONS

9. Plaintiff's cellular number, 812-xxx-6898, has been registered with the National Do-Not-Call Registry since December 14, 2004.

10. Within the last year, Defendant initiated repeated telephone solicitations to Plaintiff's cellular telephone by sending repeated text messages to Plaintiff's cellular telephone.

11. The text messages advertised Defendant's services.

12. On or about February 19, 2022, Plaintiff replied to Defendant's texts with "Unsubscribe".

13. Plaintiff has also responded several times since with "Stop" as well.

14. Despite Plaintiff's unequivocal instructions that Defendant stop all text messages, Defendant continued to place text messages to Plaintiff's cellular telephone thereafter.

## COUNT I
## VIOLATIONS OF THE TCPA
## (47 U.S.C. § 227, et seq. and 47 C.F.R. § 64.1200(c)(2))

15. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. 47 C.F.R. § 64.1200(c)(2) provides that "No person or entity shall initiate any telephone solicitation to . . . (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."

17. The TCPA provides a private right of action to "A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations . . . ." 47 U.S.C. § 227(c)(5).

18. Defendant knowingly and willfully violated 47 U.S.C. § 227, *et seq.* and 47 C.F.R. § 64.1200(c)(2) by initiating more than one telephone solicitation text messages to Plaintiff's cellular telephone within a 12-month period despite the fact that Plaintiff's cellular telephone was registered on the National Do-Not-Call Registry at all relevant times and Plaintiff expressly requested that Defendant cease sending him text messages.

19. Plaintiff is entitled to an award of $500.00 in statutory damages for each text message sent by the Defendant in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20.     Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each text message Defendant sent to Plaintiff that constitutes a knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendant as follows:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 2, 2022

Respectfully submitted,

By /s/ Sergei Lemberg

Sergei Lemberg (SL 6331)
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff